IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
PLAINTIFF'S COMPLAINT

| | | |
|---|---|---|
| DR. ALISA WOLF | : | |
|     an individual, | : | |
|         Plaintiff; | : | Civil Action No.: |
| v. | : | |
| | : | |
| OAKLAND UNIVERSITY | : | |
|     a Public University | | |
| | | |
| KATHLEEN SWEENEY | | |
|     an individual, and | | |
| | | |
| KRISTIN ROHRBECK | | |
|     an individual | : | |
|         Defendants | : | |
| _____ | : | |
| Thomas Heed (P66991) | : | |
| The Heed Law Group PLLC | : | |
| Attorney for the Plaintiff | : | |
| 39555 Orchard Hill Place, Suite 600 | : | |
| Novi, MI 48375 | : | |
| (248) 465-8655 | : | |
| _____ | : | |

**PLAINTIFF'S COMPLAINT**

    Now comes the Plaintiff, Alisa Wolf Ed.D. ("Wolf"), by and through her undersigned attorney, Thomas P. Heed, and for her Complaint states:

**Parties**

1. The Plaintiff, Wolf, is an individual, residing in the State of California at 1020 Winston Court, Westlake Village, CA 91361.

1

2. The Defendant, Oakland University ("OU"), is a public university in the State of Michigan.

3. OU is governed by a board of control under Act 35 of the Michigan Public Acts of 1970, MCL 390.151, et. seq.

4. The board of control for OU is called the Board of Trustees, with a registered office in the State of Michigan at 203 Wilson Hall, 2200 N. Squirrel Road, Rochester, MI 48309-4401.

5. OU created, manages, and controls the Oakland University Center for Autism ("OUCARES").

6. Kathleen Sweeney ("Sweeney") was or is the Director of OUCARES.

7. Kristin Rohrbeck ("Rohrbeck") was or is the Director or Program Coordinator of OUCARES.

### Nature of Action

8. This is an action for copyright infringement under the Copyright Act (17 U.S.C. §§ 501-505).

9. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

10. The Defendant, OU, is a State actor pursuant to 17 U.S.C. §501(a).

11. Hereinafter, the term Defendant shall mean OU, OUCARES, Sweeney and/or Rohrbeck.

## Jurisdiction

12. Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 17 U.S.C. §501(b) (actions arising under the Copyright Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), 28 U.S.C. § 1332(a) (diversity of citizenship between the parties), and § 1338(a) (actions arising under an Act of Congress relating to copyrights, *inter alia*).

13. This Court has personal jurisdiction over Defendant, OU, because it is a state actor that resides in the State of Michigan.

14. Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant resides in this District, may be found in this District, and a substantial part of the events giving rise to the claims in this action occurred within this District.

## Plaintiff's Statement of Facts for the Current Cause of Action

15. Before May 10, 2006, Plaintiff, a United States citizen, authored a written curriculum entitled PRACTICAL FILM VOCATIONAL PROGRAM.

16. The written curriculum, PRACTICAL FILM VOCATIONAL PROGRAM, is an original literary work that is proper subject matter for a copyright under 17 U.S.C. § 102(a)(1).  A copy of the literary work is attached as Exhibit A.

17. Between May 10, 2006 and August 11, 2006, Plaintiff applied to the U.S. Copyright Office and received a certificate of registration dated August 11, 2006 and identified as TX0006421919 / 2006-08-11 (Class, Number, and Date) for PRACTICAL FILM

VOCATIONAL PROGRAM ("Copyrighted Material").  An abstract of the copyright is attached as Exhibit B.

18. Plaintiff applied for a copyright for the Copyrighted Material within three (3) months of the earliest publication of the Copyrighted Material.

19. Since May 10, 2006, Plaintiff has either published or licensed to publish all copies of the Copyrighted Material in compliance with the copyright laws United States, including using a proper copyright notice on all copies.

20. Since May 10, 2006, Plaintiff has remained the sole owner of the copyright owner of the Copyrighted Material.

21. According to Defendant's website, http://wwwp.oakland.edu/oucares/programs/, Defendant, through OUCARES and Sweeney, offers a two (2) week film camp for adolescents with autism, aged 11 to 18 ("Camp").

22. The cost of the film camp is $700 per student.

23. The next camp starts August 10, 2015.

24. On information and belief, Defendant has offered at least one Camp per year for the at least the last three (3) years

25. According to Defendant's website, http://wwwp.oakland.edu/oucares/programs/, Defendant, through OUCARES and Sweeney, offers a twenty (20) week employable skills workshop for adults with autism entitled, PRACTICAL FILM WORKSHOP FOR ADULTS WITH AUTISM ("Workshop").

26. The cost of the Workshop is $6,000 per student.

27. The last Workshop started May 4, 2015, and continues through October 2, 2015.

28. On information and belief, Defendant has offered at least one Workshop per year for at least the last three (3) years.

29. Defendant received a $500,000 grant from the Michigan Department of Community Health in order to run the Workshop.

30. After the copyright for the Copyrighted Material was issued, Defendant made or produced both tangible and electronic copies of at least material portions of the Copyrighted Material.  A copy of material published by Defendant containing material, literal portions of the Copyrighted Material is attached as Exhibit C.

31. On or about February 13, 2014, Plaintiff notified Defendant in writing of her Copyrighted Material.

32. On or after receiving actual notice of Plaintiff's Copyrighted Material, Defendant made derivative works of Plaintiff's Copyrighted Material ("Defendant's Derivations").  A copy of Defendant's Derivations is attached as Exhibit D.

33. After the copyright for the Copyrighted Material was issued and after February 13, 2014, Defendant made or produced both tangible and electronic copies of Defendant's Derivations.

34. After the copyright for the Copyrighted Material was issued, Defendant made electronic copies of the Copyrighted Material, and displayed them on Defendant's website, in order to advertise Camps and Workshops presented by the Defendant within the last three (3) years.

35. After the copyright for the Copyrighted Material was issued and after February 13, 2014, Defendant made electronic copies of Defendant's Derivatives, and displayed

them on Defendant's website, in order to advertise Camps and Workshops presented by the Defendant within the last three (3) years.

36. After the copyright for the Copyrighted Material was issued, Defendant sold, or transferred ownership, to the public, as part of their Camps and Workshops, printed curriculum and course material that literally copied a material portion of Plaintiff's Copyrighted Material.

37. After the copyright for the Copyrighted Material was issued and after February 13, 2014, Defendant sold, or transferred ownership, to the public, as part of their Camps and Workshops, printed curriculum and course material that contained Defendant's Derivations.

38. On information and belief, after the copyright for the Copyrighted Material was issued, Defendant performed portions of the Copyrighted Material by reciting the same at the Defendant's Camps and Workshops.

39. On information and belief, after the copyright for the Copyrighted Material was issued and after February 13, 2014, Defendant performed portions of Defendant's Derivations by reciting the same at the Defendant's Camps and Workshops.

40. On information and belief, after the copyright for the Copyrighted Material was issued, Defendant recorded audio and/or video of the Defendant's performance of portions of the Copyrighted Material.

41. On information and belief, after the copyright for the Copyrighted Material was issued and after February 13, 2014, Defendant recorded audio and/or video of the Defendant's performance of portions of Defendant's Derivations.

42. On information and belief, after the copyright for the Copyrighted Material was issued, Defendant displayed portions of the Copyrighted Material by displaying or projecting the same at the Defendant's Camps and Workshops.

43. On information and belief, after the copyright for the Copyrighted Material was issued and after February 13, 2014, Defendant displayed portions of Defendant's Derivations by displaying or projecting the same at the Defendant's Camps and Workshops.

44. On information and belief, after the copyright for the Copyrighted Material was issued, Defendant recorded audio and/or video of the Defendant's displaying portions of the Copyrighted Material at the Defendant's Camps and Workshops.

45. On information and belief, after the copyright for the Copyrighted Material was issued and after February 13, 2014, Defendant recorded audio and/or video of the Defendant's displaying portions of Defendant's Derivations at Defendant's Camps and Workshops.

**Count 1:  Copyright Infringement under 17 U.S.C. §106(1) and 17 U.S.C. §501(a)**

46. The Plaintiff incorporates repeats and re-alleges the allegations set forth in all of the preceding paragraphs.

47. Plaintiff's federal registration of the Copyrighted Material, PRACTICAL FILM VOCATIONAL PROGRAM, with the U.S. Copyright Office is prima facie evidence of the validity of the copyright and Plaintiff's ownership of the copyright pursuant to 17 U.S.C. §410(c).

48. Plaintiff, at all times since the registration of her copyright in August 2006, has used a valid copyright notice on any copies of the Copyrighted Material, PRACTICAL FILM VOCATIONAL PROGRAM, that were published or licensed for publication.

49. Defendant infringed Plaintiff's copyright under 17 U.S.C. §106(1) and 17 U.S.C. §501(a), by making, producing and printing material containing literal, material portions of Plaintiff's Copyrighted Material, without approval or authorization from the Plaintiff.

**Count 2:  Copyright Infringement under 17 U.S.C. §106(2) and 17 U.S.C. §501(a)**

50. The Plaintiff incorporates, repeats and re-alleges the allegations set forth in all of the preceding paragraphs.

51. Plaintiff's federal registration of the Copyrighted Material, PRACTICAL FILM VOCATIONAL PROGRAM, with the U.S. Copyright Office is prima facie evidence of the validity of the copyright and Plaintiff's ownership of the copyright pursuant to 17 U.S.C. §410(c).

52. Plaintiff, at all times since the registration of her copyright in August 2006, has used a valid copyright notice on any copies of the Copyrighted Material, PRACTICAL FILM VOCATIONAL PROGRAM, that were published or licensed for publication.

53. After actual notice from the Plaintiff concerning Defendant's use of Plaintiff's Copyrighted Material, Defendant infringed Plaintiff's copyright under 17 U.S.C. §106(2) and 17 U.S.C. §501(a), by creating derivative works from Plaintiff's Copyrighted Material, without approval or authorization from Plaintiff.

**Count 3:  Copyright Infringement under 17 U.S.C. §106(3) and 17 U.S.C. §501(a)**

**Using Plaintiff's Copyrighted Material**

54. The Plaintiff incorporates, repeats and re-alleges the allegations set forth in all of the preceding paragraphs.

55. Plaintiff's federal registration of the Copyrighted Material, PRACTICAL FILM VOCATIONAL PROGRAM, with the U.S. Copyright Office is prima facie evidence of the validity of the copyright and Plaintiff's ownership of the copyright pursuant to 17 U.S.C. §410(c).

56. Plaintiff, at all times since the registration of her copyright in August 2006, has used a valid copyright notice on any copies of the Copyrighted Material, PRACTICAL FILM VOCATIONAL PROGRAM, that were published or licensed for publication.

57. Defendant infringed Plaintiff's copyright under 17 U.S.C. §106(3) and 17 U.S.C. §501(a), by the selling, or the transferring of ownership to the public, of printed course material for Camps and Workshops, containing literal, material portions of Plaintiff's Copyrighted Material, without approval or authorization from Plaintiff.

**Count 4:  Copyright Infringement under 17 U.S.C. §106(3) and 17 U.S.C. §501(a)**

**Using Defendant's Derivation**

58.  The Plaintiff incorporates, repeats and re-alleges the allegations set forth in all of the preceding paragraphs.

59. Plaintiff's federal registration of the Copyrighted Material, PRACTICAL FILM VOCATIONAL PROGRAM, with the U.S. Copyright Office is prima facie evidence of the

validity of the copyright and Plaintiff's ownership of the copyright pursuant to 17 U.S.C. §410(c).

60. Plaintiff, at all times since the registration of her copyright in August 2006, has used a valid copyright notice on any copies of the Copyrighted Material, PRACTICAL FILM VOCATIONAL PROGRAM, that were published or licensed for publication.

61. Defendant infringed Plaintiff's copyright under 17 U.S.C. §106(3) and 17 U.S.C. §501(a), by the selling, or the transferring of ownership to the public, of printed course material for Camps and Workshops, containing Defendant's Derivations of Plaintiff's Copyrighted Material, without approval or authorization from Plaintiff.

## Count 5:  Copyright Infringement under 17 U.S.C. §106(4) and 17 U.S.C. §501(a) Using Plaintiff's Copyrighted Material

62. The Plaintiff incorporates, repeats and re-alleges the allegations set forth in all of the preceding paragraphs.

63. Plaintiff's federal registration of the Copyrighted Material, PRACTICAL FILM VOCATIONAL PROGRAM, with the U.S. Copyright Office is prima facie evidence of the validity of the copyright and Plaintiff's ownership of the copyright pursuant to 17 U.S.C. §410(c).

64. Plaintiff, at all times since the registration of her copyright in August 2006, has used a valid copyright notice on any copies of the Copyrighted Material, PRACTICAL FILM VOCATIONAL PROGRAM, that were published or licensed for publication.

65. On information and belief, Defendant further infringed Plaintiff's copyrights under 17 U.S.C. §106(4) and 17 U.S.C. §501(a), by reciting, at Defendant's Camps and

Workshops, without approval or authorization from Plaintiff, material, literal portions of Plaintiff's Copyrighted Material, which themselves were infringement under 17 U.S.C. §106(1) and 17 U.S.C. §501(a).

### Count 6:  Copyright Infringement under 17 U.S.C. §106(4) and 17 U.S.C. §501(a)
### Using Defendant's Derivation

66. The Plaintiff incorporates, repeats and re-alleges the allegations set forth in all of the preceding paragraphs.

67. Plaintiff's federal registration of the Copyrighted Material, PRACTICAL FILM VOCATIONAL PROGRAM, with the U.S. Copyright Office is prima facie evidence of the validity of the copyright and Plaintiff's ownership of the copyright pursuant to 17 U.S.C. §410(c).

68. Plaintiff, at all times since the registration of her copyright in August 2006, has used a valid copyright notice on any copies of the Copyrighted Material, PRACTICAL FILM VOCATIONAL PROGRAM, that were published or licensed for publication.

69. On information and belief, Defendant further infringed Plaintiff's copyrights under 17 U.S.C. §106(4) and 17 U.S.C. §501(a), by reciting, without approval or authorization from Plaintiff, at Defendant's Camps and Workshops, portions of Defendant's Derivations, which themselves were infringement under 17 U.S.C. §106(1) and 17 U.S.C. §501(a).

### Count 7:  Copyright Infringement under 17 U.S.C. §106(5) and 17 U.S.C. §501(a)
### Using Plaintiff's Copyrighted Material

11

70. The Plaintiff incorporates, repeats and re-alleges the allegations set forth in all of the preceding paragraphs.

71. Plaintiff's federal registration of the Copyrighted Material, PRACTICAL FILM VOCATIONAL PROGRAM, with the U.S. Copyright Office is prima facie evidence of the validity of the copyright and Plaintiff's ownership of the copyright pursuant to 17 U.S.C. §410(c).

72. Plaintiff, at all times since the registration of her copyright in August 2006, has used a valid copyright notice on any copies of the Copyrighted Material, PRACTICAL FILM VOCATIONAL PROGRAM, that were published or licensed for publication.

73. On information and belief, Defendant further infringed Plaintiff's copyrights under 17 U.S.C. §106(5) and 17 U.S.C. §501(a), by displaying, at Defendant's Camps and Workshops, without approval or authorization from Plaintiff, material, literal portions of Plaintiff's Copyrighted Material, which themselves were infringement under 17 U.S.C. §106(1) and 17 U.S.C. §501(a).

**Count 8:  Copyright Infringement under 17 U.S.C. §106(5) and 17 U.S.C. §501(a) Using Defendant's Derivation**

74. The Plaintiff incorporates, repeats and re-alleges the allegations set forth in all of the preceding paragraphs.

75. Plaintiff's federal registration of the Copyrighted Material, PRACTICAL FILM VOCATIONAL PROGRAM, with the U.S. Copyright Office is prima facie evidence of the validity of the copyright and Plaintiff's ownership of the copyright pursuant to 17 U.S.C. §410(c).

76. Plaintiff, at all times since the registration of her copyright in August 2006, has used a valid copyright notice on any copies of the Copyrighted Material, PRACTICAL FILM VOCATIONAL PROGRAM, that were published or licensed for publication.

77. On information and belief, Defendant further infringed Plaintiff's copyrights under 17 U.S.C. §106(4) and 17 U.S.C. §501(a), by displaying, at Defendant's Camps and Workshops, without approval or authorization from Plaintiff, portions of Defendant's Derivations, which themselves were infringement under 17 U.S.C. §106(1) and 17 U.S.C. §501(a).

**Count 9:  Copyright Infringement under 17 U.S.C. §106(2) and 17 U.S.C. §501(a) By Filming, or Otherwise Recording, Performance of Plaintiff's Copyrighted Material**

78. The Plaintiff incorporates, repeats and re-alleges the allegations set forth in all of the preceding paragraphs.

79. Plaintiff's federal registration of the Copyrighted Material, PRACTICAL FILM VOCATIONAL PROGRAM, with the U.S. Copyright Office is prima facie evidence of the validity of the copyright and Plaintiff's ownership of the copyright pursuant to 17 U.S.C. §410(c).

80. Plaintiff, at all times since the registration of her copyright in August 2006, has used a valid copyright notice on any copies of the Copyrighted Material, PRACTICAL FILM VOCATIONAL PROGRAM, that were published or licensed for publication.

81. On information and belief, Defendant further infringed Plaintiff's copyrights under 17 U.S.C. §106(2) and 17 U.S.C. §501(a), by making audio recordings and/or video recordings, at Defendant's Camps and Workshops, without approval or authorization from Plaintiff, of performances or recitations of material portions of Plaintiff's

Copyrighted Material, which were, themselves, infringement under 17 U.S.C. §106(1), 17 U.S.C. §106(4), and 17 U.S.C. §501(a).

**Count 10:  Copyright Infringement under 17 U.S.C. §106(2) and 17 U.S.C. §501(a) By Filming, or Otherwise Recording, Performance of Defendant's Derivations**

82. The Plaintiff incorporates, repeats and re-alleges the allegations set forth in all of the preceding paragraphs.

83. Plaintiff's federal registration of the Copyrighted Material, PRACTICAL FILM VOCATIONAL PROGRAM, with the U.S. Copyright Office is prima facie evidence of the validity of the copyright and Plaintiff's ownership of the copyright pursuant to 17 U.S.C. §410(c).

84. Plaintiff, at all times since the registration of her copyright in August 2006, has used a valid copyright notice on any copies of the Copyrighted Material, PRACTICAL FILM VOCATIONAL PROGRAM, that were published or licensed for publication.

85. On information and belief, Defendant further infringed Plaintiff's copyrights under 17 U.S.C. §106(2) and 17 U.S.C. §501(a), by making audio recordings and/or video recordings, at Defendant's Camps and Workshops, without approval or authorization from Plaintiff, of performances or recitations of material portions of Defendant's Derivation, which were, themselves, infringement under 17 U.S.C. §106(2), 17 U.S.C. §106(4), and 17 U.S.C. §501(a).

**Count 11:  Copyright Infringement under 17 U.S.C. §106(2) and 17 U.S.C. §501(a) By Filming, or Otherwise Recording, Displays of Plaintiff's Copyrighted Material**

14

86. The Plaintiff incorporates, repeats and re-alleges the allegations set forth in all of the preceding paragraphs.

87. Plaintiff's federal registration of the Copyrighted Material, PRACTICAL FILM VOCATIONAL PROGRAM, with the U.S. Copyright Office is prima facie evidence of the validity of the copyright and Plaintiff's ownership of the copyright pursuant to 17 U.S.C. §410(c).

88. Plaintiff, at all times since the registration of her copyright in August 2006, has used a valid copyright notice on any copies of the Copyrighted Material, PRACTICAL FILM VOCATIONAL PROGRAM, that were published or licensed for publication.

89. On information and belief, Defendant further infringed Plaintiff's copyrights under 17 U.S.C. §106(2) and 17 U.S.C. §501(a), by making audio recordings and/or video recordings, at Defendant's Camps and Workshops, without approval or authorization from Plaintiff, of displays of material portions of Plaintiff's Copyrighted Material, which were, themselves, infringement under 17 U.S.C. §106(1), 17 U.S.C. §106(4), and 17 U.S.C. §501(a).

**Count 12: Copyright Infringement under 17 U.S.C. §106(2) and 17 U.S.C. §501(a) By Filming, or Otherwise Recording, Displays of Defendant's Derivations**

90. The Plaintiff incorporates, repeats and re-alleges the allegations set forth in all of the preceding paragraphs.

91. Plaintiff's federal registration of the Copyrighted Material, PRACTICAL FILM VOCATIONAL PROGRAM, with the U.S. Copyright Office is prima facie evidence of the validity of the copyright and Plaintiff's ownership of the copyright pursuant to 17 U.S.C. §410(c).

15

92. Plaintiff, at all times since the registration of her copyright in August 2006, has used a valid copyright notice on any copies of the Copyrighted Material, PRACTICAL FILM VOCATIONAL PROGRAM, that were published or licensed for publication.

93. On information and belief, Defendant further infringed Plaintiff's copyrights under 17 U.S.C. §106(2) and 17 U.S.C. §501(a), by making audio recordings and/or video recordings, at Defendant's Camps and Workshops, without approval or authorization from Plaintiff, of displays of material portions of Defendant's Derivations, which were, themselves, infringement under 17 U.S.C. §106(2), 17 U.S.C. §106(4), and 17 U.S.C. §501(a).

**Damages**

94. Upon information and belief, the Defendant has made and will continue to make substantial monetary gains to which it is not entitled, either in law or in equity, by the above copyright infringement: to wit, a $500,000 grant from the Michigan Department of Community Health; $6,000 for each Workshop attendee; and $700 for each Camp attendee.

95. Upon information and belief, the Defendant intends to continue its infringing acts, unless restrained by this Court.

96. Defendants' acts have damaged and will continue to damage the Plaintiff's copyrights.

97. As a result of the Defendant's unlawful actions, the Plaintiff has suffered, and continues to suffer, economic damages.

WHEREFORE, the Plaintiff respectfully requests that this Court enter judgment against the Defendant as follows:

A.  Until this case is decided on the merits, Defendant, its agents, representatives, and assigns, be enjoined from disposing, alienating, or transferring ownership of any copies of any publication containing material portions of Copyrighted Material and/or Defendant's Derivation;

B.  Until this case is decided on the merits, Defendant, its agents, representatives, and assigns, be enjoined from conducting or advertising any Camp or Workshop;

C. Defendant provide an accounting of all monetary proceeds received from all Camps and Workshops;

D. Defendant provide an accurate count and accounting of all copies, both tangible and electronic, made that contain a material portion of the Plaintiff's Copyrighted Material or the Defendant's Derivation.

E. Defendant provide an accurate count and accounting of all persons who witnessed a recitation or display containing a material portion of the Plaintiff's Copyrighted Material or the Defendant's Derivation, during any Workshop or Camp;

F. Defendant pay as damages to the plaintiff all profits and advantages gained from infringing Plaintiff's copyright, plus all loss experienced by Plaintiff as the result of Defendant infringing Plaintiff's copyright, but in no event should such damages be less than the statutory minimum, per copy, per count;

G. Defendant deliver for impoundment all copies of any material containing Plaintiff's Copyrighted Material or the Defendant's Derivation, currently in Defendant's possession or control, along with all electronic files containing the same;

H. Defendant pay to Plaintiff, to the fullest extent, her costs, investigatory fees, and expenses, as well as reasonable attorney fees;

I. Defendant pay to Plaintiff pre-judgment interest on any monetary ward made part of the judgment against Defendant; and

J. Plaintiff be awarded any other just relief, as the Court may deem appropriate.

The Plaintiff, Dr. Alisa Wolf, by and through her attorney, Thomas P. Heed, prays for the forgoing relief and judgment, which is in excess of the jurisdictional requirements, and whatever other remedies as may be deemed appropriate by the Court.


Dated:  October 9, 2015                             By: /s/Thomas Heed
                                                    Thomas P. Heed (P66991)
                                                    Heed Law Group PLLC
                                                    39555 Orchard Hill Place, Suite 600
                                                    Novi, Michigan 48375
                                                    (248)465-8655
                                                    theed@heedlawgroup.com